E-FILED
Monday, 13 September, 2010  04:21:56 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ABUNDANT FAITH MINISTRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  10-3089 |
| | ) | |
| ILLINOIS DEPARTMENT | ) | |
| OF LABOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION

This matter comes before the Court on Defendants Illinois Department of Labor (Department), Catherine M. Shannon, and Dale Conaway's (collectively the State Defendants) Motion to Dismiss (d/e 4) (Motion).  For the reasons set forth below, the Motion is allowed.  The Court further declines to exercise supplemental jurisdiction over Plaintiff Abundant Faith Ministry's (Abundant Faith) remaining breach of contract claim against Defendant City of Springfield, Illinois (City).

### STATEMENT OF FACTS

For purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all

1

inferences in the light most favorable to Abundant Faith.  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).

Abundant Faith is an Illinois Not-For-Profit Corporation located in the City.  Abundant Faith is building a planned unit development, an independent living facility, and a supportive living facility (collectively the Project) in Springfield, Illinois.  Abundant Faith alleges that the Project is funded with federal funds and subject to the federal Davis-Bacon Act requirements to pay federally determined prevailing wages as determined by the Secretary of Labor.  Complaint for Declaratory and Injunctive Relief (d/e 1) (Complaint), ¶¶10-13, 18, 28, 34, 41; 40 U.S.C. §§ 3141-3148. Because the Project is covered by the Davis-Bacon Act, Abundant Faith alleges that the Illinois Prevailing Wage Act (Illinois Act) does not apply. Complaint ¶¶ 22, 29, 35, 41; 820 ILCS 130/11.

The Department administers enforcement of the Illinois Act. Defendant Shannon is Director of the Department.  Defendant Conaway is a Conciliator for the Department.  Complaint ¶¶ 4-6.  The Department has commenced an investigation of the Project for compliance with the Illinois Act.  Abundant Faith alleges that the State Defendants have no

authority to investigate the Project because it is subject to the Davis-Bacon Act, rather than the Illinois Act.  <u>Complaint</u> ¶¶ 24, 30, 36, 42.  Abundant Faith asks this Court for declaratory relief that the Davis-Bacon Act applies to the Project and not the Illinois Act, and that the State Defendants have no authority to investigate Abundant Faith's compliance with the Davis-Bacon Act.  <u>Complaint</u> ¶¶ 25, 30, 36.  The State Defendants now move to dismiss.

<u>ANALYSIS</u>

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted.  <u>Fed. R. Civ. P.</u> 12(b)(6).  The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct."  <u>Fed. R. Civ. P.</u> 8(a)(2) & (d)(1).  While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S.Ct. 1937,

1949 (2009).  A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests.  <u>George v. Smith</u>, 507 F.3d 605, 608 (7th Cir. 2007).

The State Defendants argue that this action is barred by the Eleventh Amendment.  The Court agrees.  The Eleventh Amendment bars federal courts from hearing claims for equitable relief to require state officials to comply with state law.  <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 106 (1984).  Abundant Faith asks for declaratory and injunctive relief because the Illinois Act states: "The provisions of this Act shall not be applicable to Federal construction projects which require a prevailing wage determination by the United States Secretary of Labor."  820 ILCS 130/11.  <u>Complaint</u> ¶ 22, <u>Response to Motion to Dismiss</u>, at 3-4.  Abundant Faith alleges that the Project is required to pay prevailing wages determined by the Secretary of Labor pursuant to the Davis-Bacon Act.  Thus, pursuant to § 130/11, the Illinois Act does not apply to the Project and the State Defendants lack the authority to investigate the Project or enforce the Illinois Act on the Project.  Abundant Faith asks this Court to declare the effect of § 130/11 on the State Defendants' authority with respect to the Project.  This the Court cannot do.  The Eleventh Amendment bars the

Court from declaring the obligations of state officials under state law. Pennhurst, 465 U.S. at 106. The claim is barred by the Eleventh Amendment.

Abundant Faith argues that this Court has jurisdiction to grant prospective declaratory injunctive relief against the State Defendants. This Court has jurisdiction to grant prospective declaratory and injunctive relief to require state officials to comply with federal law. Green v. Mansour, 474 U.S. 64, 68 (1985). Abundant Faith, however, does not allege that Shannon, Conaway, or any other state official is violating federal law. Federal law allows state officials to regulate projects subject to the Davis-Bacon Act. The Davis-Bacon Act sets minimum wage rates for federally-funded projects, but states may require higher wage rates or impose other regulatory requirements that complement the Davis-Bacon Act. Frank Bros., Inc. v. Wisconsin Dept. of Transp., 409 F.3d 880, 887-88 (7th Cir. 2005). Abundant Faith does not allege that the Illinois Act conflicts with the Davis-Bacon Act, that Shannon and Conaway are enforcing state regulations that conflict with the Davis-Bacon Act, or that Shannon and Conaway are otherwise violating federal law. Abundant Faith, therefore, fails to state a claim for violation of federal law.

The only law that the State Defendants are allegedly violating is the Illinois Act, § 130/11. This Court has no jurisdiction to declare that a state official is violating state law or to enjoin a state official from violating state law. Such a claim is barred by the Eleventh Amendment. <u>Pennhurst</u>, 465 U.S. at 106. The Motion is, thus, granted.

Abundant Faith also asserts a claim against the City for breach of contract. <u>Complaint, Fifth Claim for Relief</u>. The City has answered. <u>Answer of Defendant City of Springfield (d/e 2)</u>. Abundant Faith alleges that this Court has supplemental jurisdiction over the claim against the City. <u>Complaint</u> ¶¶ 2, 8. The Court must raise questions of subject matter jurisdiction <u>sua</u> <u>sponte</u> when they arise. <u>E.g.</u>, <u>Shockley v. Jones</u>, 823 F.2d 1068, 1071 (7th Cir. 1987). Because the federal question claims have been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining claim. 28 U.S.C. § 1367(c). The claim against the City is dismissed for lack of jurisdiction.

THEREFORE, the Motion to Dismiss (d/e 4) is ALLOWED. The claims against Defendants Illinois Department of Labor, Catherine M. Shannon, and Dale Conaway are dismissed for lack of jurisdiction. The Court dismisses the remaining supplemental claim against Defendant City

of Springfield, Illinois, for lack of jurisdiction.  All pending motions are denied as moot. This case is closed.

ENTERED this 13th day of September, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE